

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00140-CV

LAMPASAS DRUG COMPANY, LTD.
D/B/A CATTLES PHARMACY, APPELLANT

V.

JULIA SANTAMARIA, APPELLEE

On Appeal from the 27th District Court
Lampasas County, Texas
Trial Court No. 23150, Honorable John T. Gauntt, Presiding

July 23, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Lampasas Drug Company, Ltd. d/b/a Cattles Pharmacy ("Lampasas"), appeals from the trial court's *Order Overruling Defendant's Objections to Chapter 74 Expert Report of Sergei Grando, M.D.*[1]  We dismiss the untimely appeal for want of jurisdiction.

We previously remanded this cause to the trial court to rule on Lampasas' Rule 306a motion for additional time to file a notice of appeal.  *See* TEX. R. APP. P. 4.2(a); TEX.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

R. Civ. P. 306a.5.  On remand, the trial court issued an *Order Denying Rule 306a(5) Motion* and findings and conclusions of law.  According to these findings, the trial court signed the *Order Overruling Defendant's Objections to Chapter 74 Expert Report of Sergei Grando, M.D.* on February 6, 2024.  The order was delivered electronically that day to all parties, including Lampasas' counsel.  Consequently, Lampasas' notice of appeal was due twenty days thereafter, by February 26, 2024.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (permitting interlocutory appeal), 74.351(b); Tex. R. App. P. 26.1(b), 28.1(b) (concerning accelerated appeals).  Lampasas did not file a notice of appeal until March 25, 2024, after the fifteen-day extension period.  *See* Tex. R. App. P. 26.3.

A timely notice of appeal is essential to invoking our jurisdiction.  *See* Tex. R. App. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, we are prohibited from enlarging the time for perfecting an appeal in a civil case.  *See Verburgt*, 959 S.W.2d at 616–17; Tex. R. App. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal).

Accordingly, we reinstate the appeal, grant Appellee Julia Santamaria's previously-filed motion to dismiss, and dismiss the appeal for want of jurisdiction.[2]

The appeal is dismissed.

Per Curiam

---

[2] We also deny Lampasas' pending motion to extend the time to file a notice of appeal.